UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

MICHAEL FANJOY,   )
    Plaintiff,   )
       )
v   )   No.
       )
HOWARD LEE SCHIFF, PC,   )
    Defendant.   )   JURY TRIAL DEMANDED
       )

## COMPLAINT

NOW COMES the Plaintiff, MICHAEL FANJOY, by and through his attorney, ANGELA K. TROCCOLI, ESQUIRE, for his complaint against the Defendant, HOWARD LEE SCHIFF, PC,. Plaintiff states as follows:

### I. JURISDICTION & VENUE

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business within the State of New Hampshire and therefore, personal jurisdiction is established.

1

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## II. PARTIES

6. MICHAEL FANJOY, (hereinafter, "Plaintiff") is an individual who was at all relevant times a resident of Derry, New Hampshire.

7. HOWARD LEE SCHIFF, PC, (hereinafter, "Defendant") is a business entity engaged in the collection of debts with a business address located at 154 Broad Street, Suite 1536, Nashua, NH 03105.

8. At all relevant times, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Defendant.

## III. PRELIMINARY STATEMENT

10. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

11. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

12. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

13. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

### IV.   ALLEGATIONS

14. At all pertinent times hereto, Defendant was hired to collect a debt allegedly owed to a third party.

15. The alleged debt at issue arose out of transactions that were primarily for personal, family or household, purposes.

16. Beginning on or around April 1, 2009, Defendant, its agents, employees, etc., engaged in debt collection activities seeking payment from Plaintiff.

17. On or about April 9, 2009, Defendant mailed a letter to Plaintiff that sought payment for a debt allegedly owed to "Parkland Medical Center" for $3,729.71. (*See Plaintiff's Exhibit A*). Plaintiff disputes that the debt is owed.

18. On or about April 16, 2009, Plaintiff sent a certified letter to Defendant requesting the Defendant to validate the alleged debt. (*See Plaintiff's Exhibit B*).

19. Instead of the Defendant complying with the validation request by Plaintiff, as required under the FDCPA §1692g, Defendant filed a lawsuit against Plaintiff on October 6, 2009. (*See Plaintiff's Exhibit C*).

20. In addition, Defendant, its agents, employees, engaged in debt collection activities seeking payment from Plaintiff by contacting him on his home phone number, making false, misleading and deceptive statements, such as misrepresenting the amount of the debt, where the amounts were derived from, the status of the debt and represented the caller as being an attorney.

21. Defendant called from telephone number (866) 234-7606, a number that the undersigned has verified, belongs to defendant.

4

22. Defendant has reported this alleged debt as unpaid to a credit bureau, rather than "disputed" and it appears as unpaid on Plaintiff's credit report rather than "disputed", despite Plaintiff's timely request for validation.

## CONSTRUCTION OF APPLICABLE LAW

23. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

24. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

25. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3d Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects

collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
*(Violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq.)*

26.     In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways

    a. Defendant violated FDCPA §1692d, when it engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    b. Defendant violated the FDCPA §1692d(5), when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

    c. Defendant violated the FDCPA §1692e, when it used false, misleading and deceptive means in connection with the collection of an alleged debt;

    d. Defendant violated the FDCPA §1692e(2), when it falsely represented the character, amount or legal status of the alleged debt;

    e. Defendant violated the FDCPA §1692e(8), when it threatened to communicate Plaintiff's credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed;

    f. Defendant violated the FDCPA §1692f, through its agents and employees, by using unfair and deceptive means to collect a debt;

    g. Defendant violated the FDCPA §1692f(1), for adding fees, charges and expenses not expressly authorized by an agreement with Plaintiff;

    h. Defendant violated the FDCPA §1692g, §1692g(a) and §1692g(b), when it failed to validate the debt within 5 days after the initial communication send the Plaintiff written notice containing the amount of debt, name of creditor, etc.; and

    i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

V.  Jury Demand

27. Plaintiff hereby demands a trial by jury on all issues so triable.

VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MICHAEL FANJOY, by and through his attorney, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00 for each violation;

    c. Plaintiff's attorneys' fees and costs; and

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

By: /s/ Angela K. Troccoli
Attorney for Plaintiff

Dated: April 1, 2010

Angela K. Troccoli, Esquire, Bar Id#18539
KIMMEL & SILVERMAN, P.C.
*The New England Office*
60 Hartford Pike, PO Box 325
Dayville, CT 06241
(860) 866-4380
atroccoli@lemonlaw.com