UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


<u>Michael Fanjoy</u>

     v.                        Civil No. 10-cv-128-JL

<u>Howard Lee Schiff, P.C.</u>


**<u>SUMMARY ORDER</u>**

    Defendant Howard Lee Schiff, P.C. ("Schiff") has moved for summary judgment, <u>see</u> Fed. R. Civ. P. 56, on plaintiff Michael Fanjoy's claim that Schiff violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 <u>et</u> <u>seq.</u> ("FDCPA"). This court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1692k(d) (FDCPA). The motion is denied.[1] Summary judgment is appropriate only if the evidence on file "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). On the current record, there is a genuine dispute of material fact as to whether Schiff mailed a debt verification letter to Fanjoy before resuming debt collection efforts, as required by the FDCPA. <u>See</u> 15 U.S.C. § 1692(g)(b).

---

    [1]The parties mutually declined this court's offer to hold oral argument, which is its ordinary practice for dispositive motions.

While Schiff has put forward strong evidence that it mailed a debt verification letter to Fanjoy (including a copy of the letter and an affidavit stating that its staff sent the letter as reflected in an office log[2]), Fanjoy denies that he ever received the letter.  If believed, that denial of receipt "is some evidence that no such letter was mailed; in short, it becomes essentially a question of which testimony the jury will believe." 9 Wigmore on Evidence § 2519, at 567 (Chadbourn rev. 1981) (citing cases); see also Lewis v. Michigan, No. 97-2018, 1999 WL 357829, at *3 (6th Cir. 1999) (unpublished) ("Federal courts have generally followed the Wigmore rule," which is that a "litigant's denial of receipt of a letter creates a genuine issue of fact as to whether a letter was actually mailed").  Summary judgment is therefore inappropriate.

For the reasons set forth above, Schiff's motion for summary judgment[3] is DENIED, without prejudice to any future motions for

---

[2]Schiff has not, however, presented any evidence of its mailing procedures and practices, any affidavit(s) from the employee(s) who allegedly prepared the letter and placed it in the mail, or any confirmation of mailing, such as a certified mail receipt.  Evidence of that sort could be sufficient to overcome Fanjoy's denial of receipt, even at the summary judgment stage.  See, e.g., U.S. Fire Ins. Co. v. Producciones Padosa, Inc., 835 F.2d 950, 952 n.2 (1st Cir. 1987) (citing Meckel v. Cont'l Res. Co., 758 F.2d 811, 817 (2d Cir. 1985)); John P. Ludington, Proof of mailing by evidence of business or office custom, 45 A.L.R. 4th 476 (1986).

[3]Document no. 23.

summary judgment based on additional evidence revealed in discovery, which is ongoing.

   **SO ORDERED.**


_____
Joseph N. Laplante
United States District Judge

Dated:  October 8, 2010

cc:  Angela K. Troccoli, Esq.
     Karen J. Wisniowski, Esq.